**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

PENG HE,
Petitioner,
v.
JAMES JANECKA, et al.,
Respondents.

No. 5:26-cv-04472-AYP

**[TENTATIVE] ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I. SUMMARY

Petitioner Peng He ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California.

Having reviewed the record, the Court concludes that Petitioner's claims for relief based on inadequate medical care are not cognizable in a federal habeas corpus proceeding. Accordingly, the Court ORDERS that the Petition be denied.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner is a native and citizen of the People's Republic of China. (Dkt.

No. 15 ¶6.) Petitioner represents that he entered the United States in January 2024 and was released on recognizance on January 17, 2024. (Dkt. No. 15 ¶7.) Petitioner asserts that he was detained and taken into immigration custody at a scheduled ICE check-in on July 22, 2025. *Id.* Petitioner represents that he was denied bond at a custody redetermination hearing. *Id.* Petitioner further contends that he has appealed the immigration judge's ("IJ") denial of bond and that the appeal remains pending before the Board of Immigration Appeals. *Id.*

On February 27, 2026, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in a different action. *Peng He v. Christopher Chestnut et al,* No. 5:26-cv-01476-RGK-AYP (C.D. Cal. Jul. 29, 2026), Dkt. No. 1 [hereinafter "First Petition"]. On July 29, 2026, the District Court entered judgment denying the First Petition. *Peng He v. Christopher Chestnut et al,* No. 5:26-cv-01476-RGK-AYP (C.D. Cal. Jul. 29, 2026), Dkt. No. 26 [hereinafter "Judgment on the First Petition"].

Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 ("Second Petition") and Motion for Temporary Restraining Order ("Motion for TRO") in the instant action on August 7, 2026. (Dkt. No. 1 and 2.) Respondents submitted their Response to the Second Petition on August 14, 2026. (Dkt. No. 9.) Petitioner submitted his Reply to Respondents' Response to the Second Petition on August 18, 2026. (Dkt. No. 11.) The Court issued an Order denying Petitioner's Motion for TRO on August 18, 2026. (Dkt. No. 12.)

The Court held a Status Conference on September 11, 2026 ("September 11th Status Conference"). (Dkt. No. 14.) At the September 11th Status Conference, the Court informed Petitioner that the claims in the Second Petition would be barred because it is a successive petition, and the proper recourse is to file an appeal of the District Court's Judgment on the First Petition that was entered on July 29, 2026. At the September 11th Status Conference, counsel for Petitioner requested an opportunity to raise new issues not raised in the First

Petition or the Second Petition.

Following the September 11th Status Conference, the Court granted Petitioner leave to file an amended petition. (Dkt. No. 14.) Petitioner filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 9, 2026 (the "Third Petition") (Dkt. No. 15).

In the Third Petition, Petitioner asserts that he fractured his right thigh/femur on July 15, 2024. (Dkt. No. 15 ¶9.) Petitioner represents that his time in immigration detention has interrupted rehabilitation, resulting in difficulty walking and recurrent hip pain. *Id.* Petitioner contends that facility clinical records identify chronic allergic rhinitis dating back to October 8, 2025. (Dkt. No. 15 ¶10.) Petitioner asserts that his medication summary lists substantiate an "ongoing, clinically recognized respiratory problem." *Id.* Petitioner further contends that his facility medical records establish written requests for medical care, including claims that he has difficulty breathing, nasal obstruction, and sleep disturbance. (Dkt. No. 15 ¶11.) Petitioner complains of "malnutrition, weakness, excessive sleepiness and a diagnosis of diabetes following a medical examination." (Dkt. No. 15 ¶12.)

On July 20, 2026, Petitioner was seen by a nurse practitioner who assessed Petitioner with acute bronchitis. (Dkt. No. 15-2 at 4.) A chest X-ray was collected on July 24, 2026, and a September 9, 2026, medication report indicates that Petitioner has been provided with montelukast and an albuterol inhaler. (Dkt. No. 15-2 at 1-2.) Petitioner's facility records also indicate that he had a dental examination on July 20, 2026, at which he indicated "no complaint of pain, and report of loose tooth." (Dkt. No. 15-2 at 8.) Respondents filed their Response to the Third Petition on October 29, 2026 (the "Response to the Third Petition") (Dkt. No. 16). Both parties have consented to proceed before the Magistrate Judge. The matter is now fully briefed and submitted for decision.

## III. DISCUSSION

In the Third Petition, Petitioner argues that his continued detention without meaningful consideration of his deteriorating health and less restrictive alternatives violates the Fifth Amendment. (Dkt. No. 15 ¶ 17.) Petitioner seeks a prompt constitutionally adequate custody determination at which the IJ considers current medical evidence and alternatives to detention. *Id.*

In their Response to the Third Petition, Respondents assert that Petitioner has received the process he is due and that the Third Petition should be denied. (Dkt. No. 16 at 2.) Respondents contend that the Third Petition disclaims any request to review the IJ's denial of bond. *Id.* Respondents further contend that Petitioner's medical allegations are not pleaded as an independent conditions claim, and that Petitioner's own evidentiary submission indicates evaluation and treatment. *Id.*

### A. The Court Has Subject Matter Jurisdiction

This Court has subject matter jurisdiction. 28 U.S.C. § 2241 "makes the writ of habeas corpus available to all persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (quoting 28 U.S.C. § 2241(c)(3)). "The writ of habeas corpus historically provides a remedy to noncitizens challenging executive detention." *Id.* (citing INS v. St. Cyr, 533 U.S. 289, 301–03 (2001)). Accordingly, 8 U.S.C. § 1252(g) does not bar review here. The Court has subject matter jurisdiction over Petitioner's habeas claims because § 2241 remains an available forum for statutory and constitutional challenges to detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Having established jurisdiction, the Court turns to the merits of

Petitioner's due process claim.

**B. Petitioner's Medical Allegations Are Not Cognizable Under 28 U.S.C. § 2241**

Claims that challenge the fact or duration of confinement and seek "either immediate release from that confinement or the shortening of its duration" are properly brought under § 2241. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam) ("[P]etitions that challenge the manner, location, or condition of a sentence's execution must be brought pursuant to § 2241."). But claims concerning the general conditions of confinement are not cognizable under § 2241 and must be brought in a civil rights action. *Jingles v. Carr*, 2018 WL 11304199, at *1 (C.D. Cal. Jun. 12, 2018) (*citing Wright v. Shartle*, 699 F. App'x 733 (9th Cir. 2017).

In the Third Petition, Petitioner challenges his detention under the Fifth Amendment based on his medical condition. Claims challenging the adequacy of medical care are not cognizable in a federal habeas corpus proceeding. *See, e.g., Alvarado Montes v. Larose*, 2026 WL 2668439, at *2 (S.D. Cal. Sept. 10, 2026) (petitioner may not challenge the conditions of his confinement, including inadequate medical care, in habeas corpus); *Pathak v. Chestnut*, 2026 WL 2267940, at *5 (E.D. Cal. Aug. 6, 2026) (because the inadequate medical care allegations may be addressed by measures short of release, petitioner is not entitled to habeas relief); *Mendoza v. Chestnut*, 2026 WL 1759575, at *2 (E.D. Cal. Jun. 18, 2026) (petitioner is not entitled to relief on her inadequate medical care claim because it is not cognizable).

Accordingly, because Petitioner's claim challenges the conditions of his confinement—specifically, the adequacy of his medical care—the Court finds that Petitioner's claims for relief in the Third Petition fall outside the scope of federal habeas jurisdiction. Petitioner may be entitled to relief based on the outcome of his bond hearings if his detention proceeds longer than the Court

can evaluate. Petitioner contends Petitioner has been in detention for over 13 months. Hence, as the Court has ordered in other cases, bond is ordered to raise these issues and his prolonged detention before the immigration court, as ordered in the First Petition. Should a new bond hearing be given, the Petitioner can refile since that would constitute a new basis for habeas relief.

## IV. CONCLUSION

The Court hereby renders a tentative ruling DENYING Petitioner's Third Petition (Dkt. No.15). Petitioner may submit a request to withdraw the Third Petition within fourteen (14) days of the date of this Order. Should Petitioner decline to submit a request for withdrawal, the above decision will become a final Order DENYING Petitioner's Third Petition, and final judgment will be entered accordingly.

IT IS SO ORDERED.

DATED: November 23, 2026

ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE